UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTIAN GABRIEL BERREZUETA, on behalf
of himself and other similarly situated,      Case No.: 1:25-cv-06131-ALC

                         Plaintiff,

                     -against-

CAMP 1382 LLC d/b/a CAMPAGNOLA
RESTAURANT, CURT HUEGEL, and PATRICIO
TELLO,

                         Defendants.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION FOR ATTORNEY'S FEES AND COSTS

**DAVIDOFF HUTCHER & CITRON LLP**
Joseph Diego Taylor, Esq.
Andreas Koutsoudakis, Esq.
*Attorneys for Defendants*
605 Third Avenue
New York, New York 10158
Tel.: (212) 557-7200
Fax: (212) 286-1884


# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii
RELEVANT FACTUAL AND PROCEDURAL HISTORY ........................................... 2
ARGUMENT .................................................................................................................... 2
    I.    DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEY'S FEES INCURRED IN COMPELLING ARBITRATION ................................................................... 2
        A.   Plaintiff's Refusal to Adhere to the Binding Arbitration Agreement Triggers this Court's Inherent Powers ................................................................................................. 3
        B.   The Fees are Reasonable ................................................................................. 4
           i. The Hourly Rates Are Reasonable ...................................................................... 5
           ii. The Hours Expended are Reasonable ................................................................. 6
    CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

Cases

*Alcatel Space, S.A. v. Loral Space & Communications, Ltd.,*
No. 02 Civ. 2674(SAS), 2002 WL 1391819, at *6 (S.D.N.Y. June 25, 2002) ............................... 2

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections,*
522 F.3d 182, 190 (2d Cir. 2008) ............................................................................................. 5, 6

*Browning Debenture Holders' Committee v. DASA Corp.,*
560 F.2d 1078, 1088 (2d Cir.1977) ............................................................................................. 3

*F. D. Rich Co., Inc. v U. S. for Use of Indus. Lbr. Co., Inc.,*
417 U.S. 116, 129 (1974) ............................................................................................................ 2

*Gierlinger v. Gleason,*
160 F.3d 858, 882 (2d Cir. 1998) ................................................................................................ 5

*In re Agent Orange Prod. Liab. Litig.,*
818 F.2d 226, 232 (2d Cir. 1987) ................................................................................................ 5

*Luciano v. Olsten Corp.,*
109 F.3d 111, 116 (2d Cir. 1997) ................................................................................................ 6

*Newspaper Guild of New York v. New York Times Co.,*
95 Lab. Cas. (CCH) P13, 1981 U.S. Dist. LEXIS 15366, at *4–5 (S.D.N.Y. Oct. 29, 1981) ........ 3

*Sands Bros. & Co., Ltd. v. Nasser,*
No. 03 Civ. 8128(BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004) ...................................... 3

*Simmons v. N.Y.C. Transit Auth.,*
575 F.3d 170, 174 (2d Cir. 2009) ................................................................................................ 5

*Telenor Mobile Communications AS v. Storm LLC,*
2009 WL 2168835, at *3 (S.D.N.Y. July 20, 2009) ..................................................................... 7

**PRELIMINARY STATEMENT**

Despite receiving clear and compelling evidence demonstrating the enforceability of the Arbitration Agreement, Plaintiff and his counsel resisted arbitration—not based on any legitimate legal or factual grounds, but solely to circumvent the class action waiver. This tactic is legally indefensible and reflects a strategic abuse of the judicial process.

Plaintiff has failed to produce a single piece of evidence to support either of his contradictory claims: first, that he did not sign the Arbitration Agreement, and later, that someone else completed the onboarding documents on his behalf.

Plaintiff's voluntary withdrawal of the action—rather than testing the voracity of their specious claims on the arbitration issue—strongly suggests that Plaintiff and his counsel recognized the lack of factual support for their position and the validity of the Arbitration Agreement.

Moreover, Plaintiff waited until Defendants had invested significant time and resources in establishing the legitimacy of the Arbitration Agreement before abruptly filing the withdrawal. This timing, combined with the baseless nature of Plaintiff's claims, underscores a pattern of bad faith conduct and an attempt to evade the consequences of a binding arbitration obligation.

Accordingly, Defendants respectfully request that the Court enter judgment awarding costs and Attorney's' fees incurred in this action, as a remedy for Plaintiff's abusive litigation tactics and disregard for his contractual obligations.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

The Court is respectfully referred to the Affirmation of Andreas Koutsoudakis, dated October 1, 2025 (the "Koutsoudakis Aff.") and the exhibits thereto, the Affirmation of Jennifer Burgos, dated September 5, 2025 (the "Burgos Aff.") and the exhibits thereto.

**ARGUMENT**

**I. DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEY'S FEES INCURRED IN COMPELLING ARBITRATION**

Defendants respectfully request that this Court exercise its inherent authority to award attorney's fees incurred in enforcing the Arbitration Agreement, based on Plaintiff's bad faith conduct in refusing to honor a binding arbitration agreement. The record is clear; Defendants took every opportunity to avoid having to compel arbitration, while Plaintiff and his counsel took every step to avoid arbitration. That is until, the day their opposition to Defendants' Motion to Compel was due- when they instead dismissed the action. Defendants submit this application pursuant to the Court's inherent authority and respectfully request that the Court issue an order awarding them attorney's fees, costs, and expenses incurred in compelling arbitration.

This Court may award Defendants their attorney's fees because Plaintiff "acted in bad faith, vexatiously, or for oppressive reasons" in refusing to honor the binding Arbitration Agreement. *F. D. Rich Co., Inc. v U. S. for Use of Indus. Lbr. Co., Inc.*, 417 U.S. 116, 129 (1974)(" We have long recognized that Attorney's' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"); see also, *Alcatel Space, S.A. v. Loral Space & Communications, Ltd.,* No. 02 Civ. 2674(SAS), 2002 WL 1391819, at *6 (S.D.N.Y. June 25, 2002).

2

### A. *Plaintiff's Refusal to Adhere to the Binding Arbitration Agreement Triggers this Court's Inherent Powers*

The Second Circuit has acknowledged that courts may sanction litigation-related bad faith under their inherent power, even where statutory fee-shifting provisions do not apply. *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124 (2d Cir. 2023)("an explicit finding of bad faith is always required prior to the imposition of an attorney's' fees sanction"). The Second Circuit has stated that a claim is brought in "bad faith" when it is "entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977).

This Court has the discretion to enter an award of attorney's fees where "the party refusing arbitration acted without justification or did not have a reasonable chance to prevail." *Newspaper Guild of New York v. New York Times Co.,* 95 Lab. Cas. (CCH) P13, 1981 U.S. Dist. LEXIS 15366, at *4–5 (S.D.N.Y. Oct. 29, 1981); see also, *Sands Bros. & Co., Ltd. v. Nasser,* No. 03 Civ. 8128(BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004) (holding that an award of attorney's fees is proper where plaintiffs offer no plausible argument against arbitration). Here, the Arbitration Agreement is crystal clear.

Furthermore, the documentary evidence established without a doubt that Plaintiff – through his ***personal*** email account – completed the entire onboarding process. The record provided to Plaintiff's counsel included: (i) the arbitration agreement signed by Plaintiff via the online onboarding and HR platform (Ease) used by Defendants; (ii) a list of all other documents signed on that platform; (iii) a handbook acknowledgement of receipt signed by Plaintiff; (iv) Plaintiff's signed I-9 form; (v) Plaintiff's signed W-4 form; (vi) Plaintiff's Ease profile information; and (vii) Plaintiff's tipped wage acknowledgement of pay rate and payday in both English and Spanish. See

3

generally, Burgos Aff. (Docket No. 14). These materials confirmed Plaintiff's completion of the onboarding process and his consent to be bound by the Arbitration Agreement.

Defendants went above and beyond to demonstrate the validity of the Arbitration Agreement, submitting extensive documentation—including signed acknowledgments, employment records, and policy disclosures—clearly evidencing Plaintiff's agreement to arbitrate and to waive participation in class actions. Despite this overwhelming proof, Plaintiff resisted arbitration solely to circumvent the class action waiver, a position that is legally untenable and strategically abusive. This resulted in Defendants incurring additional costs and expenses in preparing and filing the Motion to Compel. The actions of Plaintiff and his counsel are clearly bad faith and for an improper reason. See, *Browning Debenture Holders' Committee,* 560 F.2d at 1088.

### B. The Fees are Reasonable

Defendants' attorney's fees and costs are reasonable and should be awarded in full. The record clearly shows that the fees were incurred solely in connection with enforcing the Arbitration Agreement—a matter of significant importance to Defendants. Plaintiff's counsel resisted arbitration with baseless arguments, each refuted by documentary evidence. Despite this, Defendants were compelled to file a motion to compel arbitration, which Plaintiff did not oppose, instead conceding the obligation to arbitrate. See, Docket No. 23.

Given the risks posed by the lawsuit, including the potential for class certification, Defendants appropriately retained experienced counsel. They now seek recovery of $35,700.00 in attorney's fees and costs billed by Davidoff Hutcher & Citron LLP ("DHC"), for 57.75 hours of legal and support work incurred on Defendants' behalf. See, Koutsoudakis Decl., ¶19; **Ex. 2**.

*i.  The Hourly Rates Are Reasonable*

Courts in this district have repeatedly held that "[t]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation and internal quotation marks omitted); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) ("The reasonable hourly rate is the rate a paying client would be willing to pay.").

"A reasonable starting point for determining the hourly rate for purposes of a [presumptively reasonable fee] calculation is the attorney's customary rate." *Parrish v. Sollecito,* 280 F.Supp.2d 145, 169–170 (S.D.N.Y.2003). Courts also consider prevailing market rates for similar legal services provided by attorneys with comparable skill, experience, and reputation. See, *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant market in this case is the Southern District of New York. See, *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987). Accordingly, Defendants requested attorney's' fees are reasonable.

First, the rates are similar to those regularly charged to and paid by DHC's other clients, as Defendants were charged the standard rates charged by our firm for all clients pursuant to our published rate sheet each year in which charges were incurred.

Second, the rates charged by DHC are in accord with the prevailing market rates in the City of New York for attorneys of comparable skill and experience.  For example, in 2023, Wolters Kluwer published a report of the hourly rates of attorneys in New York.  This report, titled the 2023 Real Rate Report, reveals that the median rate for commercial litigation partners in New

5

York City is $1,111 and associates is $803.  See, Koutsoudakis Decl., **Ex. 3**.  The rates claimed in Defendants' fee application are within the range of reasonableness established for this market.

Lastly, DHC was well-qualified to represent Defendants in this litigation. DHC is an exceptional law firm and has a well-regarded litigation department.  The litigation of this matter was handled for the most part by Joseph Diego Taylor (senior counsel) and Andreas Koutsoudakis (partner). See, Koutsoudakis Decl. ¶25. As such, the rates charged are in line with the market and supported by the experience of DHC Attorney's and staff working on this matter.

    ii.    *The Hours Expended are Reasonable*

After determining appropriate hourly rates, courts must calculate the reasonable number of hours billed in order to determine the presumptively reasonable fee. See, *Arbor Hill Concerned Citizens Neighborhood Ass'n v County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 189-90 (2d Cir 2008). "In reviewing a fee application, the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case" and exclude only those hours the court concludes were unreasonable. *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997).

Here, this action presented difficulties that required both considerable time and skill on the part of Defendants' counsel. Defendants bore the burden of persuading the Court [and Plaintiff's counsel] to enforce the parties' Arbitration Agreement.  Indeed, establishing the enforceability of the Arbitration Agreement took significant effort, including recreating, detailing, and documenting the entire onboarding process. Additionally, Defendants had to expend significant resources obtaining the records necessary to support the enforceability of the Arbitration Agreement, including to respond to Plaintiff's counsel's unfounded excuses. Defendants counsel quickly

prepared these records in order to expedite a resolution given the deadline to respond to the complaint. See, Koutsoudakis Decl., ¶22.

Specifically, Plaintiffs seek costs and fees incurred in, *inter alia*, (1) reviewing the Summons and Complaint; (2) reviewing Defendants records regarding the Arbitration Agreement; (3) preparing a letter request to enforce the Arbitration Agreement; (4) preparing expedited disclosures of Plaintiff's records in support of the request to arbitrate; (5) preparing a detailed and documented record of the onboarding process in support of the request to arbitrate; (6) preparing a Motion to Compel Arbitration; (7) drafting and researching a Motion to Compel Arbitration; (8) reviewing and responding to Plaintiff's Notice of Voluntary Withdraw; and (9) drafting and researching this motion for attorney's fees.

All of the hours expended were for the purpose of securing dismissal of the action in order to enforce the Arbitration Agreement and securing recovery of the fees Defendants incurred in addressing this frivolous action. DHC succeeded in securing this result and therefore its fees should not be disturbed. As noted in *Telenor Mobile Communications AS v. Storm LLC,* 2009 WL 2168835, at *3 (S.D.N.Y. July 20, 2009), Plaintiff's predicament was entirely self-inflicted—comparable to the "apocryphal parricide seeking mercy because he had been orphaned…". *Id*., 109 F.3d at 116.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion for attorney's fees and costs, together with such other and further relief as this Court deems just and proper.

Dated: October 1, 2025
      New York, New York

**DAVIDOFF HUTCHER & CITRON LLP**

By: _____
Joseph Diego Taylor, Esq.
Andreas Koutsoudakis, Esq.
*Attorneys for Defendants*
605 Third Avenue
New York, New York 10158
Tel.: (646) 428-3113
Fax: (212) 286-1884
Email: jdt@dhclegal.com